STOUT et ux. v. FUQUA et al.—103 S. W. (2d) 28.

Middle Section.   January 2, 1937.

Petition for Certiorari denied by Supreme Court, March 27, 1937.

Worth Bryant, A. B. McKay, and E. A. Langford, all of Cooke-ville, for complainants.

Thompson & Haile, of Cookeville, for defendants.

DeWITT, J. Upon request of L. A. Fuqua, owner and holder of a note of Dillard Stout, O. E. Cameron as trustee under a deed of trust executed by Stout and his wife on March 25, 1931, to secure the payment of said note, advertised for sale the three tracts of land therein described. No question is made as to default in payment or regularity of advertisement. The three tracts were separately described in the deed of trust and advertisement by metes and bounds, and as containing 97 acres. 3 acres, and 92 acres, respectively. The third, or 92-acre, tract was encumbered with a prior deed of trust to secure a note held by the Federal Land Bank. The other two tracts were unencumbered, except by liens for taxes.

It appears from the testimony without contradiction in this cause that at the sale Fuqua requested that the property be sold in separate tracts; that thereupon the sale was cried, and he bid $1,500 for the 97-acre tract No. 1, known as the Moore tract, and for that tract only; that it was struck off to him at his said bid—there being no bids on the other tracts; that a deed was prepared, conveying said tract No. 1 to Mr. Fuqua as the highest and best bidder for cash. It was acknowledged by Mr. Cameron as trustee and later tendered to Mr. Fuqua, but he refused to accept it. This deed is made a part of the record in this cause.

The chancellor held that this sale was invalid. We are unable to concur in this conclusion. It appears that some time before the sale the sum of $1,425 had been received by Fuqua on the debt out of the proceeds of insurance on a residence on the property which had been destroyed by fire. This left a balance which appears to have been less than the amount of the bid of $1,500 made by Fuqua for tract No. 1. Therefore, if it was proper first to offer tract No. 1 for sale, the debt was satisfied. We know of no rule of law or equity prohibiting a mortgagee or trustee under a deed of trust from offering a separate tract for sale, especially where the mortgagor concurs or makes no objection.

In this cause there is no evidence of any damage done to the other tracts or to the interests of the mortgagor. Equity would permit a separate sale under such circumstances because the obligation of the mortgagor may thereby be satisfied without losing all of the property, and the creditor would get no more than that to which he is entitled. In Merrimon v. Parkey, 136 Tenn., 645, 191 S. W., 327, it was declared that the proper decree under a bill for foreclosure

of a mortgage and under the circumstances of that case would be that the sale be had and cried on both bases, that is, separate one-fourth undivided interests, and in solido. In the text of 41 C. J., 973, the general rule is stated, supported by numerous decisions, that "where the property covered by a mortgage is separated into several distinct tracts or lots, either by natural boundaries, by the way in which it is platted, or laid out, or by the fact that the parcels are not contiguous, it should not be put up for sale as a whole, but the separate parcels should first be offered singly. See, also, 19 R. C. L., 607; 2 Wiltsie on Mortgage Foreclosure. section 862, and cases cited.

Where the trustee is not directed in the deed of trust whether the land shall be sold en masse or in parcels, he is clothed with a sound and wide discretion as to whether he will sell as a whole or in parcels, and, when such discretion is wisely exercised, the manner of the sale is no ground for setting it aside.

The defendant Fuqua is not in a position to invoke the statute of frauds because he did not sign any memorandum, for the reason that he has not pleaded it in his answer to the bill filed by Stout and wife in this cause. It is so well settled in this state as to require no citation of authorities, that the statute must be specially pleaded as a defense to a suit upon a promise, agreement, or contract required by the statute to be in writing, where the same is in parol in order to void the contract and defeat the suit.

Fuqua did not testify in this cause, although he averred in his answer that his bid was made for the tracts Nos. 1 and 2. This is no evidence. There is no evidence in the record to sustain this allegation.

After the sale, Fuqua requested Cameron to readvertise and sell the property as a whole. but Cameron properly declined to do so, holding that he had already exercised completely the power of sale. Fuqua thereupon undertook to appoint another as substituted trustee, who undertook to advertise and sell the property; and at said attempted sale Fuqua bid $925 for tracts Nos. 1 and 2. Tract No. 3 had probably been sold under foreclosure of the prior deed of trust. This second attempted sale was void; the bid of Fuqua at the first sale must be treated as binding on him. To this end the decree below will be reversed.

It appears without dispute that, although the note secured by this deed of trust was made for $2,500, the maker and borrower received only $2,250; that there was no agent's commission involved; that the difference in amount did not represent any agent's commission; that the note was made payable to the order of a trustee in bankruptcy of a mercantile firm of which Stout was a member; that this was done with the knowledge and consent of Fuqua; that the trustee indorsed the note without recourse, transferred it to Fuqua, and Fuqua furnished only $2,250. The note for $2,500 was

thereafter to bear interest. We agree with the chancellor that this was a colorable transaction on the part of Fuqua in order to avoid the usury laws (Code 1932, section 7299 et seq.).

The bill in this cause was filed by Stout and his wife against Fuqua and Thompson, the subsequently named trustee, for the purpose of securing the relief to which we have herein declared him to be entitled.

The decree of the chancery court will be modified by declaring the first sale to have been valid and the defendant Fuqua bound thereby; otherwise it will be affirmed. Fuqua must accept the deed which was tendered to him by Cameron, trustee, in satisfaction of the balance of the debt. It not clearly appearing what is the state of the account between Stout and Fuqua in view of our conclusions, the cause will be remanded to the chancery court of Putnam county for an accounting between said parties in conformity with the principles set forth in this opinion. The costs of the cause, including the costs of the appeal, will be adjudged against the defendant L. A. Fuqua.

Faw, P. J., and Crownover, J., concur.